UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY A. COLE

Plaintiff,

v. Case No.: 2:26-cv-2283-SPC-KRH

MELINDA MASTERS *et al.*,

Defendants.
____________________________________/

**OPINION AND ORDER**

Before the Court is Plaintiff Jeffrey A. Cole's Amended Complaint (Doc. 4). Cole is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). The Florida Department of Children and Families (DCF) contracts with a company called Recovery Solutions to treat and confine sexually violent predators at the FCCC. Cole initially brought this action against four current and former high-level DCF officials, seven Recovery Solutions executives, three former FCCC administrators, the current FCCC administrator, and three other members of the FCCC staff. Because Cole seeks to litigate this action *in forma pauperis*, the Court must dismiss this action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Court dismissed Cole's original complaint because it was a shotgun pleading—that is, it did not give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Cole's amended complaint (Doc. 4) trims some defendants and claims but mostly re-uses language from the initial complaint and adds unidentifiable John and Jane Doe defendants. As a result, the amended complaint is also a shotgun pleading. In the claims that survived Cole's edits, he complains that uncomfortable beds and unappealing food prevent him from focusing on the treatment program provided at FCCC. The Court explained in its prior order why Cole could not proceed on those claims as pled:

> Cole asserts these claims of general discomfort against all defendants (except he sometimes excludes Hugh Jaynes, the FCCC's food service manager). But Cole does not allege any unlawful act or omission by any particular defendant that caused his discomfort. Thus, these general-discomfort claims do not give the individual defendants fair notice of the reason Cole is suing them.
>
> …
>
> Cole cannot proceed on his complaint because it does not give the defendants fair notice of the factual grounds of the claims against them. It is not enough for a plaintiff to claim he was harmed—a plaintiff must plausibly allege how each defendant harmed him. The only defendant meaningfully mentioned in a factual allegation is De Loach, and he was only mentioned in one of the several claims asserted against him. Cole does not allege any of the other defendants participated in a violation of his rights. Presumably, Cole seeks to hold them liable because of their various leadership roles. But it is well settled in the Eleventh Circuit that supervisory officials are not liable under 42 U.S.C. § 1983 for the acts of their

> subordinates. *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). Cole may only sue officials who personally contributed to a constitutional harm.

(Doc. 3 at 4-6).

Like the initial complaint, Cole lumps the defendants together when stating his claims and does not allege how any individual defendant caused him harm. As a result, the amended complaint does not give the defendants fair notice of the grounds upon which the claims against them rest. It would be unfair to require the defendants to answer Cole's latest shotgun pleading, and resolving the claims would be an undue tax on the Court's resources. *See Jackson v. Bank of Am., N.A.*, 898 F.3d

Accordingly, it is hereby **ORDERED:**

(1) Plaintiff Jeffrey A. Cole's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) The Clerk is **directed** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record